**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| PETER DUCOTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-211 |
| | § | |
| CENAC TOWING CO., INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

This Jones Act case arises out of injuries sustained by Plaintiff Peter Ducote ("Plaintiff")

while working aboard Defendant Cenac Towing Co., Inc.'s ("Defendant") vessel, the M/V DUSTIN

CENAC ("DUSTIN"). Now before the Court comes Defendant's Motion to Transfer Venue

Pursuant to 28 U.S.C. § 1404(a) or, in the alternative, Motion to Dismiss Under Fed. R. Civ. P.

12(b)(3). For the reasons stated below, Defendant's Motion Dismiss for Improper Venue is

**DENIED**, and Defendant's Motion to Transfer Venue Pursuant to 1404(a) is **GRANTED**. This case

is hereby **TRANSFERRED** to the United States District Court for the Western District of Louisiana,

Lafayette/Opelousas Division.[1]

**I. Background**

Plaintiff allegedly suffered injuries on April 24, 2003, while working as a deckhand aboard

the DUSTIN. At the time of the incident, the vessel was at Pelican Cut, in Galveston, Texas.

---

[1]This Court does not consider this Order worthy of publication. Accordingly, it has not
requested and does not authorize publication.

Defendant owns and operates the DUSTIN.  Plaintiff is a Louisiana resident, and resides in the Western District of Louisiana, Lafayette-Opelousas Division. Defendant is a Louisiana corporation with its principal place of business in Houma, Louisiana, which is in the Eastern District of Louisiana.

Defendant moves this Court to transfer this case to either the Western District of Louisiana, Lafayette-Opelousas Division or the Eastern District of Louisiana on two alternate grounds.  First, under the Choice of Forum Agreement in the employment contract executed between Plaintiff and Defendant, the Parties agreed to submit any action arising out of or relating to Plaintiff's employment to either the United States District Court for the Eastern District of Louisiana, the 32nd District Court for the Parish of Terrebonne, Louisiana, or any other state or federal court in the State of Louisiana where proper venue could be had.  Therefore, the Court should dismiss this case for improper venue based on the Choice of Forum Agreement.  Second, Defendant argues that this Court should transfer this case pursuant to 28 U.S.C. § 1404(a).  Each argument will be analyzed in turn.

## II. Validity of Choice of Forum Agreement

Plaintiff's employment agreement with Defendant contained a Choice of Forum Agreement, in which the Parties agreed to submit any action arising out of or relating to Plaintiff's employment to either the United States District Court for the Eastern District of Louisiana, the 32nd District Court for the Parish of Terrebonne, Louisiana, or any other state or federal court in the State of Louisiana where proper venue could be had.  That agreement also expressly provided that it applied to any action based on personal injuries.  Defendant argues that the agreement should be enforced, and accordingly that the Court transfer should this case to the Eastern or Western District of Louisiana.  However, in *Boutte v. Cenac Towing, Inc.*, 346 F. Supp. 2d 922 (S.D. Tex. 2004), this

Court held that "choice of forum agreements in employment contracts between American seaman and American companies are unenforceable in Jones Act claims." *Id.* at 932.   This is a Jones Act case, and therefore the choice of forum provision in the employment contract is unenforceable.  The Court acknowledges Defendant's disagreement with the holding in *Boutte*, but Defendant has not offered any persuasive argument or controlling authority moving this Court to abandon the holding in that case. Therefore, pursuant to *Boutte*, the Court respectfully declines to transfer this matter to either the Eastern or Western District of Louisiana based upon the forum selection clause in the employment contract.

## III.  Motion to Dismiss for Improper Venue

Defendant argues that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because of the choice of forum agreement between the Parties.  This is the only basis Defendant offers for improper venue.  Rule 12(b)(3) permits a party to move to dismiss an action when a case has been filed in an improper venue.  *See* Fed. R. Civ. P. 12(b)(3).  Since the Court has already determined that the choice of forum agreement is unenforceable, Defendant's Motion to Dismiss for Improper Venue must be **DENIED**.

## IV.  Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)

Next, Defendant moves to transfer this case to either the Eastern or Western District of Louisiana on the ground that it will increase the convenience of all Parties and that such transfer for will serve the interests of justice.

### A.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Blansett v. Continental Airlines*, 203 F. Supp. 2d 736, 738 (S.D. Tex. 2003); *Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670, 672–73 (S.D. Tex. 2001); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

## B. Analysis

### 1. Availability and Convenience of Witnesses

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the

-4-

movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant argues that the availability and convenience of key witnesses would be increased by transfer to either the Eastern or Western District of Louisiana. To support this argument, Defendant has identified several key witnesses and provided brief outlines of their expected testimony. First, Defendant has identified 11 of Plaintiff's current treating physicians, all of whom reside in Louisiana, primarily near Lafayette and Houma. Second, Defendant has identified two of Plaintiff's crewmembers: Captain Ricky Thibodeaux, a resident of Lafayette, Louisiana, and Tankerman Henry Edward Fuchs, a resident of Houma, Louisiana. Defendant claims that both of these gentlemen will be key witnesses because they will provide testimony that directly contradicts the allegations of Plaintiff in this case. However, both witnesses are employees of Defendant, and therefore, their testimony can be compelled at trial. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Thus, the convenience of such witnesses is given relatively lesser weight. Third, Defendant intends to retain experts from Louisiana. Again, the testimony of an expert witness can be compelled at trial and thus the convenience of experts is also given relatively lesser weight.

Plaintiff responds that one of his current treating physicians, Dr. Zoran Cupic, his economist, Dr. Ken McCoin, and his liability expert, R.L. Frenzel, all reside within the Southern District of Texas. Plaintiff can compel his economist and liability expert to attend trial. Plaintiff has not shown why it would not be able to compel his current treating physicians to attend trial. Thus, their

availability and convenience are given relatively lesser weight. Plaintiff has failed to identify any witness who *cannot be compelled to attend trial* whose availability or convenience would be increased by retention of this case in Galveston. Additionally, although Plaintiff is correct in noting that it is highly unlikely that Defendant would either need or be permitted to have all 11 physicians from Louisiana testify in this trial, there is no indication that they can be compelled to attend trial and most likely some will testify.

Overall, the availability and convenience of witnesses on either side balance out. However, given that the majority of the witnesses, including Plaintiff himself, reside in Louisiana, this factor slightly favors transfer.

### 2. *Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.* In this case, Defendant has shown that most of the witnesses reside in Louisiana, far closer to Lafayette or New Orleans than to Galveston, Texas. The Parties reside in Louisiana, and the DUSTIN's home port is in Houma, Louisiana. Plaintiff has alleged that the unseaworthiness of the DUSTIN caused or contributed to the alleged accident, and the vessel will most likely need to be inspected. Both sides will incur additional expenses if this case is tried in Galveston rather than Louisiana. Furthermore, most of the relevant documents are located in Louisiana.

Plaintiff argues that it will not be more expensive to litigate in Galveston rather than Louisiana. However, Plaintiff provides nothing to counter this Court's common sense conclusion that additional unnecessary expense will be incurred if this case is tried in Galveston. It is reasonable

-6-

to infer that litigating this dispute in Louisiana, as opposed to Galveston, Texas, will diminish trial costs. *See McGinnis v. Eli Lilly and Co.*, 181 F. Supp. 2d 684, 690 (S.D. Tex. 2002); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp. 2d 903, 913 (S.D. Tex. 2001). This factor supports transfer.

### 3. Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. Defendant argues that most of the relevant documents in this case are in Louisiana, and has identified several groups of such documents: the medical records of the physicians in Louisiana who have treated Plaintiff; employment records of Plaintiff's prior and subsequent Louisiana employers; vessel documentation and inspection records of the DUSTIN; and company documents relevant to the case. Plaintiff argues that most of the documents identified by Defendant have already been produced, and no inconvenience will result at this point from their transfer to Galveston. Defendant has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court, and many documents have already been produced. *See LeBouef*, 20 F. Supp. 2d at 1060. Therefore, this factor does not weigh for or against transfer.

### 4. Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally entitled to great deference, but the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of the Western District of Louisiana. This lawsuit has some connection to this Division because Plaintiff allegedly incurred his injury at Pelican Cut, in Galveston. However, he was not treated in Galveston for his injuries. As to his current treating physician and expert, Plaintiff came

-7-

into contact with these individuals after he incurred his injuries. Under the circumstances present in this case, Plaintiff's choice of forum is entitled to some deference given the location of his injuries. *See id.* This factor supports retention.

### 5. *Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place on the DUSTIN when it was located in Pelican Cut in Galveston, Texas. However, the location of the alleged wrong in this case appears to be nothing more than a fortuitous circumstance. There is no indication in the record before the Court that Plaintiff was treated for his injuries within this Division. While the residents of this Division have some interest in this case because of its location, this is a dispute between a Louisiana resident and a Louisiana corporation, and it is likely that the residents of Louisiana have a much greater interest in the outcome of this case. This factor does not weigh for or against transfer.

### 6. *Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). Defendant in this case sought transfer before a trial date was set. Since Defendant filed this Motion, the Court has set trial for March 5, 2007. Defendant argues that there is no clear and convincing evidence suggesting that transferring the case would cause significant delay or prejudice. Plaintiff argues that if this case is

transferred, it will lose "the benefit of this Court's expeditious and cost efficient manner of handling cases." *Richoux v. R&G Shrimp Co.*, 126 F. Supp. 2d 1007, 1011 (S.D. Tex. 2000). Although the Court is flattered by Plaintiff's desire to remain in this forum, Plaintiff has not shown that transfer at this early stage in the proceedings would result in either significant delay or prejudice. This factor supports transfer.

## IV. Conclusion

The facts of this case present a very close call, but fundamentally, this is a dispute between citizens of Louisiana, and it lacks any substantial connection to Texas. After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendant has carried its burden of demonstrating that transferring this case to Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. The Court hereby **TRANSFERS** this case to the Western District of Louisiana, Lafayette/Opelousas Division since that is where Plaintiff resides.

For these reasons, and those outlined above, Defendant's Motion to Dismiss for Improper Venue is **DENIED**, and Defendant's Motion to Transfer Venue is **GRANTED**. It is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Lafayette/Opelousas Division. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 13th day of July, 2006, at Galveston, Texas.


_____
Samuel B. Kent
United States District Judge